Entered on Docket February 18, 2020

**Below is a Memorandum Decision of the Court.**

*Mary Jo Heston*
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

_____

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

BELGICA DARGELIS CONNELL,

Debtor.

Case No. 19-43726

**MEMORANDUM DECISION ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN OBJECTING TO DEBTOR'S HOMESTEAD EXEMPTION**

This matter came before the Court on January 23, 2020, on the Chapter 13 Trustee's ("Trustee") Objection to Confirmation of Chapter 13 Plan, ECF No. 19, objecting to, among other things, Belgica Dargelis Connell's ("Debtor") homestead exemption of $125,000 in real property located at 8318 Leona Way SW, Tacoma, WA 98499-2650 ("Property"). At that hearing, the Debtor argued she was entitled to a homestead exemption on her Property under Washington State law. The Trustee contested her homestead exemption because she did not currently reside on the Property and because she had the ability to sell the Property in the future. The Trustee also confirmed no more discovery was needed on this issue. The Court took this matter

MEMORANDUM DECISION ON
OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN OBJECTING TO
DEBTOR'S HOMESTEAD EXEMPTION - 1

under advisement. Based on the record and counsels' arguments, the Court makes the following findings of facts and conclusions of law.

## **BACKGROUND**

The facts in this matter are undisputed.[1] The Debtor filed her bankruptcy petition on November 21, 2019. Prior to filing bankruptcy, on September 26, 2019, the Debtor executed both a homestead declaration in the Property and a declaration of abandonment for another property. Both declarations were recorded with the Pierce County Auditor under Recording Numbers 201909260859 and 201909260856, respectively. In her petition, the Debtor reported her current address as other than the Property. She does not currently live at the Property, instead, according to her 341 testimony, tenants currently occupy the Property.

On January 7, 2020, the Trustee filed an Objection to Confirmation of Chapter 13 Plan objecting to, among other things, the Debtor's homestead exemption of $125,000 in the Property. The Debtor responded and filed a supporting declaration on January 15, 2020. In her declaration, the Debtor declared she purchased the Property in 2007 and it was the only place she's ever considered home. The Debtor is a single mother and she began experiencing financial hardship around 2014 after her sons got addicted to drugs. In 2015, she had to quit her job to move to Portland, Oregon "to stop enabling [her] sons' destructive behaviors and addi[ctions]." After she and her sons moved out, she rented the Property to a tenant.

In 2016, the Debtor was healthier financially and she, her eldest son, and that son's girlfriend moved back to the Property. Her eldest son became physically abusive and she had

---

[1] At the hearing, the Court asked the Trustee's counsel whether the Trustee wanted to conduct more discovery. He stated the Trustee did not.

MEMORANDUM DECISION ON
OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN OBJECTING TO
DEBTOR'S HOMESTEAD EXEMPTION - 2

to quit her job and move again in 2017. Upon doing so, she rented the Property again to another tenant so she could "reset [by] moving to Canada briefly to live with [her] brother" and learn French at College Platon in Montreal.

While in Montreal, the Debtor learned her eldest son died from a drug overdose. She returned to Washington, took her son's ashes to Panama, and stayed with her mother there until November 2018. During or after November 2018, the Debtor moved back to Washington and rented a room from a friend. After returning, she experienced more financial hardships. In September 2019, she obtained legal counsel.

The Court held a hearing on January 23, 2020, on the Trustee's Objection to Confirmation of Chapter 13 Plan. The Trustee argued the Debtor's homestead exemption in the Property was invalid. The Debtor disagreed. The Court took this matter under advisement.

## **DISCUSSION**

The issues before the Court are whether the Debtor has a valid homestead exemption in the Property, and whether the Debtor's homestead exemption in the Property is vitiated by the mere possibility that the Debtor may later sell it. Noting the pivotal factor is the Debtor's intent and based on the findings and conclusions set forth below, the Court holds her homestead exemption is valid and overrules the Trustee's objection. Eviscerating the Debtor's homestead exemption with a mere possibility of selling the property would be contrary to established law and would lead to unintended consequences.

"Washington has not 'opted out' of the federal exemption scheme. Thus, a debtor domiciled in Washington may select either the exemptions afforded by Washington law, or the federal exemption scheme." 11 U.S.C. § 522(b); *In re Jefferies*, 468 B.R. 373, 378 (9th Cir.

MEMORANDUM DECISION ON
OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN OBJECTING TO
DEBTOR'S HOMESTEAD EXEMPTION - 3

BAP 2012) (citing 4 Henry Somers & Alan Resnick eds., *Collier on Bankruptcy* ¶ 522.02 (15th ed. rev. 2009)). Here, the Debtor elected Washington exemptions.

Under Washington law, homestead exemption statutes are favored and should be liberally construed. *Jefferies*, 468 B.R. at 380; *Pinebrook Homeowners Ass'n v. Owen*, 48 Wn. App. 424, 427, 739 P.2d 110, 113 (1987). "In Washington, a 'homestead consists of real or personal property that the owner uses as a residence' or 'the dwelling house or the mobile home in which the owner resides or *intends to reside* . . . . Property included in the homestead must be actually intended or used as the principal home for the owner." *Jefferies*, 468 B.R. at 380 (citing Wash. Rev. Code ("RCW") § 6.13.010(1)) (emphasis added). The validity of the claimed exemption is controlled by the applicable state law. *In re Kelley*, 300 B.R. 11, 16 (9th Cir. BAP 2003).

Washington has two methods for establishing a homestead. *In re Gitts*, 116 B.R. 174, 178 (9th Cir. BAP 1990), *aff'd & adopted*, 927 F.2d 1109 (9th Cir.1991); *In re Wilson*, 341 B.R. 21, 25 (9th Cir. BAP 2006). First, the homestead exemption automatically protects property occupied as a principal residence. RCW § 6.13.040; *Gitts*, 116 B.R. at 178; *Wilson*, 341 B.R. at 25-26. Second, if an owner cannot show occupancy and use, the owner may claim a homestead for exemption purposes by declaration. *Gitts*, 116 B.R. at 178; *Wilson*, 341 B.R. at 26. To establish a valid declared homestead exemption, an owner must intend to reside on the property, record a declaration of homestead, and record a declaration of abandonment of any automatic homestead or any existing declared homestead. *Gitts*, 116 B.R. at 178; *Wilson*, 341 B.R. at 25-26. Bankruptcy exemptions are fixed on "the date of the filing of the [bankruptcy] petition." *White v. Stump*, 266 U.S. 310, 313 (1924); *Wilson v. Rigby*, 909 F.3d 306, 308 (9th Cir. 2018); *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012) (explaining the "'snapshot' rule'

MEMORANDUM DECISION ON
OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN OBJECTING TO
DEBTOR'S HOMESTEAD EXEMPTION - 4

[where] bankruptcy exemptions are fixed at the time of the bankruptcy petition."). A valid declared Washington homestead exemption depends on the time the declaration is recorded. *Wilson*, 341 B.R. at 26. A homestead declaration is valid if it is filed before the bankruptcy petition is filed and if it "speak[s] the truth" so it reflects the declarant's intent. RCW § 6.13.040; *Wilson*, 341 B.R. at 27. Intent to reside at a location becomes the pivotal issue. *Wilson*, 341 B.R. at 26.

Determining a debtor's intent in claiming a homestead exemption is a question of fact. *Kelley*, 300 B.R. at 16. Courts have considered the following factors to determine a debtor's intent to reside at a homestead: (a) whether a debtor took affirmative steps to return to the property or establish or retain ownership, *Wilson*, 341 B.R. at 27; *cf. Bank of Anacortes v. Cook*, 10 Wn. App. 391, 397-98, 517 P.2d 633, 637 (1974) (finding that a homestead declaration was invalid when the claimant vacated the premises with no intention of returning prior to filing the declaration); (b) whether a debtor could reside at the property in the future, *see Wilson*, 341 B.R. at 27; (c) the probability of return to the property, *see Wilson*, 341 B.R. at 27; and, (d) whether the homestead declaration was in "good faith or was it done as a mere subterfuge with no honest intention of using it as a home[,]" *see Clark v. Davis*, 37 Wn.2d 850, 856-57, 226 P.2d 904, 907-08 (1951). Even a party's intent to reside at the premises, when the property was ordered to be sold at the time the homestead declaration is filed, may not invalidate a homestead declaration. *See Clark v. Davis*, 37 Wn.2d at 856-57 (ruling the plaintiff's "sincere desire to provide shelter for her family," a good faith intent to reside at the premises as a home and doing so "at the time [the plaintiff] filed her declaration of homestead" created a valid homestead declaration).

MEMORANDUM DECISION ON
OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN OBJECTING TO
DEBTOR'S HOMESTEAD EXEMPTION - 5

Here, the Debtor did not occupy the Property on the petition date. Consequently, she does not qualify for Washington's automatic homestead exemption.

Based on the record, however, the Court concludes that the Debtor satisfied the three requirements for filing a homestead declaration in *Gitts* and *Wilson*: 1) she has expressed good faith intent to live at her Property in the future; 2) prior to filing bankruptcy on November 21, 2019, she recorded a homestead declaration on September 26, 2019; and 3) she also filed a declaration of abandonment on other real property on September 26, 2019, despite never living there.

Furthermore, the Debtor has a history that corroborates her intent to return to the Property. Specifically, after residing at the Property, the Debtor experienced financial hardship after she lost her son. In 2015, the Debtor vacated the Property. Rather than selling the Property, the Debtor rented it to tenants while she moved to Portland for work, where she lived in a single room to reduce her expenses. When the Debtor's financial condition improved, she returned to her home in 2016.

As argued by the Debtor, this case differs from *Bank of Anacortes*, 10 Wn. App. 391, 517 P.2d 633. In *Bank of Anacortes*, the Washington Supreme Court held a homestead declaration invalid when the claimant previously attempted to sell his home and vacated the premises without intending to return prior to filing the declaration. *Bank of Anacortes*, 10 Wn. App. at 397-98, 517 P.2d at 637. Here, the Debtor never listed her home for sale. She lived at the Property before, vacated it for financial issues, returned to the Property, then moved again, and currently states she intends to return once she is financially sound again. Her current and repeatedly stated intent to return to the Property coupled with her recorded prepetition homestead declaration also are affirmative steps to retaining ownership of the Property.

MEMORANDUM DECISION ON
OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN OBJECTING TO
DEBTOR'S HOMESTEAD EXEMPTION - 6

In sum, the Debtor's current and prior actions show she can reside at the Property in the future and that there is a good probability she will do so. *See Wilson*, 341 B.R. at 27.

Contrary to the Trustee's argument, the Debtor's homestead exemption is not vitiated by the mere possibility that the Debtor may later sell the Property. The Trustee did not present any evidence that the Debtor may be planning to sell the Property despite the Trustee's opportunity to question the Debtor at the 341 Meeting, and his decision to not engage in more discovery. In Washington, homestead exemption statutes are favored and should be liberally construed. *Jefferies*, 468 B.R. at 380. Construing otherwise here would be inconsistent with *Jeffries* because disallowing the Debtor's homestead exemption would require a narrow interpretation of RCW § 6.13.010(1). This would disfavor Washington's established homestead exemption law's plain language that specifically allows homestead exemptions in real property intended as a home. *See* RCW § 6.13.010(1) ("The homestead consists of real or personal property that the owner uses as a residence' or 'the dwelling house or the mobile home in which the owner resides or *intends to reside* . . . ."). *Robinson v. Shell Oil Co.*, 516 U.S. 337, 340 (1997); *State v. Cooper*, 176 Wn.2d 678, 683, 294 P.3d 704, 706 (Wash. 2013) (en banc).

Finally, agreeing with the Trustee would be contrary to the premise and facts of *Wilson*. The homestead is determined by the snapshot rule as of the petition date. Here, all the Debtor needs to show is a good faith intent to return to the residence, which she has shown as noted above.

Based on the foregoing, the Court finds and concludes the Trustee's objection is overruled and the Debtor's homestead exemption in the real property located at 8318 Leona Way SW, Tacoma, WA 98499-2650 is allowed.

/ / / End of Memorandum Decision / / /

MEMORANDUM DECISION ON
OBJECTION TO CONFIRMATION OF
CHAPTER 13 PLAN OBJECTING TO
DEBTOR'S HOMESTEAD EXEMPTION - 7