Below is a Memorandum Decision of the Court.

*Mary Jo Heston*
**Mary Jo Heston**
**U.S. Bankruptcy Judge**

(Dated as of Entered on Docket date above)

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

BELGICA DARGELIS CONNELL,

Debtor.

Case No. 19-43726

**INTERIM MEMORANDUM DECISION RULING ON TRUSTEE'S OBJECTION TO CONFIRMATION RELATED TO THE CHARACTERIZATION OF THE DEBTOR'S INTEREST IN PROPERTY**

This matter came before the Court on the Chapter 13 Trustee's ("Trustee") Objection to Confirmation of Chapter 13 Plan, ECF No. 19, objecting to, among other things, Belgica Dargelis Connell's ("Debtor") stated intent to surrender her interest in real property located at 1113 111th Street S., Tacoma, Washington 98444-2629 ("Property").  Rafael and Arcelia Huerta-Acuchi ("Huertas") also filed both a Motion for an Order Compelling Trustee to Abandon the Estate's Interest in Real Property, ECF No. 32 ("Abandonment Motion"), and an adversary proceeding to quiet title on June 24, 2020, AP No. 20-04040 ("Adversary Proceeding").  Following an initial hearing on the Abandonment Motion, the Debtor, Trustee, and the Huertas (collectively the "Parties") filed a Stipulated Statement of Facts on June 9, 2020, ECF No. 58 ("Stipulated Facts"), requesting that the Court rule on the nature of the Debtor's interest in the Property, and

INTERIM MEMORANDUM DECISION - 1

they also explicitly waived their rights to an evidentiary hearing on this issue. On June 22, 2020, the Trustee filed a supplemental brief, ECF No. 59, and on June 24, 2020, the Debtor filed a reply, ECF No. 61. At the July 14, 2020 hearing, the Parties confirmed the Court should proceed on the record to determine the nature of the Debtor's interest in the Property independent of the Adversary Proceeding. Based on the Stipulated Facts, declarations, counsels' arguments, and filed pleadings and other documents, the Court makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

The facts in this matter are undisputed. The Debtor has consistently represented in her chapter 13 bankruptcy case that she holds bare legal title to the Property and the Huertas are the beneficial interest holders in the Property. *See* ECF No. 1, Schedule A/B, *and see* ECF No. 2, Chapter 13 Plan, § VI. Additionally, on September 26, 2019, before filing her bankruptcy case, the Debtor executed both a declaration of abandonment for the Property and a homestead declaration for another property. *See* ECF No. 20, Ex. 2. The facts surrounding the acquisition of the Property and the Parties' actions before the November 21, 2019 petition date are also important to the Court's determination of the issue at hand.

Before October 26, 2006, the Debtor and the Huertas entered into a purchase and sale agreement to purchase the Property for $225,000 from a third party. Stipulated Facts at ¶ 1. Both the Debtor and the Huertas were listed on the Property's recorded statutory warranty deed transferring title to the Property when the transaction closed on or about November 9, 2006. Stipulated Facts at ¶¶ 2, 3, & Ex. 1. The total paid for the Property's purchase was $235,729.72, which was funded through a $1,000.00 earnest money deposit, a $180,000.00 first deed of trust, a $245.00 "Home Warranty for Buyer," a $45,000.00 second deed of trust, and $2,944.45 in

INTERIM MEMORANDUM DECISION - 2

"Additional Deposits to Escrow." Stipulated Facts at ¶¶ 4, 5, & Exhibit 2. The Debtor and the Huertas would testify that the Huertas paid the balance due of $10,729.72 to close the transaction after applying $225,000 in loan proceeds. Stipulated Facts at ¶ 7, Ex. 2. The Debtor is the sole obligor on the initial November 1, 2006 note from DB Home Lending LLC ("Lender") used to acquire the Property. *See* Stipulated Facts at ¶ 6,[1] *and* Lender's Proof of Claim, Claim 5-1 ("Lender's Claim"). The Debtor and the Huertas would both testify that the Debtor obtained the loans because the Huertas did not financially qualify for them, and the Trustee stipulates to the same. Stipulated Facts at ¶ 10. The note is secured by two deeds of trust that both the Huertas and the Debtor executed in favor of the Lender. *See* Lender's Claim. On or about July 20, 2015, and July 22, 2015, the Debtor entered into loan modification agreements where she remained the sole borrower. The Huertas were not signatories to the loan modification agreements. Stipulated Facts at ¶ 9.

Although the Debtor's credit was used to acquire the Property, she has never lived at the Property nor has she contributed any funds to making payments on the loans secured by the deeds of trust, Property improvements, sewer charges, homeowner's insurance, or any taxes due on the Property. Stipulated Facts at ¶¶ 13, 14. Instead the Huerta's provided the funds to make such payments, some of which the Lender pays from the accrued escrow balance. The Trustee stipulated that both the Debtor and the Huertas would testify that they do not consider the Debtor to be an owner of the Property. Stipulated Facts at ¶¶ 11, 12. These facts evidence the Debtor's intent to take only bare legal title to the Property. The Trustee has not submitted any additional evidence showing contrary intent to support his argument that the

---

[1] The Stipulated Facts state that the Debtor is the sole obligor on the "mortgages." The Court interprets this, after reviewing the Lender's Claim and the attachments including the note and deeds of trust, to mean the Debtor is the sole obligor on the note owed to the Lender.

INTERIM MEMORANDUM DECISION - 3

Debtor owns an undivided interest in the Property, except the Debtor's name being on the title that would necessitate her signature on transfers of the Property and the Debtor using her credit. Stipulated Facts at ¶¶ 10, 15.

## **CONCLUSIONS OF LAW**

The person asserting the existence of a resulting trust has the burden of proof to show the beneficial interest in the property was not intended to go with the legal title. *See Engel v. Breske*, 37 Wn. App. 526, 529, 681 P.2d 263, 264 (1984). Under Washington law on resulting trusts,

> "'[w]hen title to property is taken in the name of a grantee other than the person advancing the consideration, the one in whose name title is taken is a resulting trustee for the person who paid the purchase price, in the absence of evidence of a contrary intent.'". . . While such a trust must be proven by evidence which is clear, cogent and convincing, it may be shown by parol as well as by other evidence.

*In re Spadoni's Estate*, 71 Wn.2d 820, 822-23, 430 P.2d 965, 967 (1967) (quoting in part *Donaldson v. Greenwood*, 40 Wn.2d 238, 249, 242 P.2d 1038, 1045 (1952)). *See also In re Washburn & Roberts, Inc.*, 795 F.2d 870, 873 (9th Cir. 1986) ("Resulting trusts arise where the party transferring the property does not intend that the beneficial interest vest in the transferee . . . The fact that the transfer was not recorded makes no difference . . . under Washington law the recording of a deed 'adds nothing to its effectiveness as a conveyance; all that it accomplishes is to impart notice.'"). The resulting trust's general rule is a presumption that applies when contrary evidence of intent is absent. *Lalley v. Lalley*, 43 Wn.2d 192, 197, 260 P.2d 905, 908 (1953).

The Trustee argues that the Debtor gave consideration to acquire the Property by using her credit to qualify for the mortgages and that, therefore, no presumption of a resulting trust

INTERIM MEMORANDUM DECISION - 4

arises in this case, and that no resulting trust exists. "Before an act or promise can constitute consideration, it must be *bargained for and given in exchange*." *State ex rel. D.R.M.*, 109 Wn. App. 182, 201, 34 P.3d 887, 898 (2001) (emphasis added); *Consideration*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Something (such as an act, a forbearance, or a return promise) bargained for and received by a promisor from a promisee; that which motivates a person to do something, esp. to engage in a legal act."). The Debtor did not use her credit in exchange for anything because she did not expect to receive anything in return. In fact, the Stipulated Facts are void of any discussion of "consideration." The facts surrounding the acquisition and use thereafter of the Property, suggest the Debtor's intent was donative because she was helping the Huertas acquire Property without any expectation of the Debtor living there or being an owner. Stipulated Facts at ¶¶ 7-8, 10-13. Without expecting a return or bargaining for exchange, the Debtor paid no consideration in purchasing the Property. In sum, the Debtor using her credit is not sufficient to rebut the presumption of the existence of a resulting trust. The Trustee's consideration argument is without merit. Nor does the Debtor's name on the statutory warranty deed provide evidence sufficient to rebut the presumption under these facts, especially under the specific facts of this case as set forth above. *See Spadoni*, 71 Wn.2d at 822-23 (discussing that the person who did not advance consideration and "whose name title is taken is a resulting trustee for the person who paid [consideration]"). Therefore, the Debtor is merely a trustee to the Huertas, as beneficiaries, in a resulting trust for the Property and, thus, the Debtor merely holds bare legal title to the Property.

Turning to the Abandonment Motion, at least one court in the Ninth Circuit has held that that legal title alone is of little or no value to the bankruptcy estate. *See, e.g.*, *In re Samaniego*, 224 B.R. 154, 165 (Bankr. E.D. Wash. 1998) ("[W]here the purchasers hold equitable title and

INTERIM MEMORANDUM DECISION - 5

the debtors retain only bare legal title, cause exists to allow the equitable owner to obtain the legal title."). Generally, under 11 U.S.C. § 541(d),[2] when a debtor only holds property in trust upon filing her petition, "the debtor should turn the property over to the holder of the beneficial interest." *In re B.I. Fin. Serv. Group, Inc.*, 854 F.2d 351, 353 (9th Cir. 1988).

At the July 14, 2020 hearing, though the Trustee indicated the Court's determination of the Debtor's interest likely would resolve the Trustee's objection to the Abandonment Motion and his involvement in the Adversary Proceeding, the Court requires the Parties to file a statement within ten days upon entry of this Memorandum Decision and accompanying Order indicating how they plan to proceed on both matters after they review this decision.[3] If the Parties feel a status conference would help resolve the remaining matters they should advise the Court through Judge Heston's Courtroom Deputy, Samantha Bergeson.

/ / / End of Memorandum Decision / / /

---

[2] "Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

[3] This decision shall not bind the Lender as it is not currently a party to either of the pending motions or the Adversary Proceeding, nor shall it bind the status of the Lender's Claim that was filed as a secured claim. The Parties also should consider the impact of abandonment on the Court's jurisdiction in the Adversary Proceeding.

INTERIM MEMORANDUM DECISION - 6